Mr. Justice Thacher
delivered the opinion of the court.
This action of assumpsit is founded upon a promissory note made by “H. M. Foote, by Wm. S. Foote, her agent.” After service of the writ issued in'the cause, the defendant, Helen M. Foote, deceased; but the action having been revived in the name of James B. C. Thornton, her executor, he pleaded the plea of non-assumpsit, and appended thereto his affidavit, that the “plea was true in substance and in fact, to the best of his knowledge and belief.” Upon the trial, the note aforesaid was offered and received in evidence without objection, and constituted all the evidence; and the executor then called upon the court to rule, “that in the state of the pleadings in the case, the mere production of the note is not sufficient to authorize the plaintiff to recover, and that in the absence of all other testimony they must find for the defendant.” This charge the court refused, and there was a verdict and judgment for the plaintiff in the circuit court.
The prominent point now raised is, whether the circuit court should have received the said promissory note in evidence in the state of the pleadings, or whether the instruction asked for by the executor should not have been given to the jury.
Jn 1824, H. H. 594, s. 25, it was enacted that it should not be lawful for a defendant to deny the execution of any writing, whether under seal or not, which had been made the foundation of any suit, unless by plea supported by affidavit of the truth thereof, filed when the plea is filed, without which plea and affidavit the court should receive such writing as evidence of the debt, promise, &c., for which it was given. By the same act, (Ibid.) it was further provided, that “whenever any person or persons, other than the person or persons purporting to have executed any such writing, shall be defendant or defendants, the *128 court before whom such suit is depending, shall receive such writing as evidence as aforesaid unless the defendant or defendants shall make oath that he, she, or they, 'Verily believe that the said writing was not executed by the person or persons by whom it is alleged to have been executed.” In 1836, H. H. 595, s. 32, it was further enacted that all pleas to an action shall be deemed and adjudged as admitting the parties and the character of the parties suing, and that a plaintiff shall not be required to prpve any written signature, identity of persons, description of character, &c., unless the signature, person, description of character, &c., be denied by plea, and its truth attested by oath.
These statutes have changed the common law rule as to the amount of evidence required from'a plaintiff to sustain his action upon a promissory note. The execution of a note by a party need not be proved by the plaintiff, unless the same be denied by a plea denying the execution or the signature, supported by an affidavit; or, in the case of a defendant not a party to the note, by an affidavit that the note was not executed by the person by whom it is so alleged to have been executed. In order to comply with the statutes, it is incumbent upon a defendant in such a case to file a special plea, sustained by an affidavit of its truth. In Sumpter v. Geron, 4 How. 263, there was a plea of non-assumpsit, but accompanied by the defendant’s affidavit that he did not execute the note sued on, nor authorize any other person to do the same. In that case the sufficiency of the plea and affidavit to meet the statute was not contested. The point really determined by the court was the extent to which the statute of 1824 went, whether to the signature only of a note, or generally to the making and execution of the whole note. In the case of Fairchild et al. v. The Grand Gulf Bank, 5 How. 597, the defendant, Richey, pleaded non-assumpsit, but also a special plea, setting out that the notes sued on were not his, &c., with an affidavit of their truth. In the case of the Vicksburg Waterworks and Banking Company v. Washington et al., 1 S. & M. 536, the defendant filed a plea of non-assumpsit, to which an affidavit was annexed, denying that the plaintiff was a cor *129 poration having power to sue. This was held to meet the substantial requisitions of the statute, and to be sufficient to compel the plaintiff to prove “the description of his character as set out in the declaration.” Such was also the case in Lake et al. v. Munford, 4 S. & M. 312. In Hemphill v. The Bank of Alabama, 6 S. & M. 44, it was held that a defendant cannot, under the plea of non-assumpsit merely, defend that the note on which he has been sued has been changed from the note, the execution of which he authorized, but that such defence is admissible only when the pleadings are under oath. A similar principle was determined in Anderson v. Tarpley, Ib. 507; 7 S. M. 101.
From the foregoing cases, it will be seen that either the plea or the affidavit must expressly deny the signature, execution of the note, &cu to put the plaintiff on such proof as he would have stood upon prior to the passage of the statutes. Moore v. Anderson et al., 3 S. & M. 321. It is apparent that the intention of the statutes, especially that of 1836, was to require from the defendant a specification of the nature of the proof required from the plaintiff, whether as to the execution of the writing, its signature, or the person or description of character to be denied upon the trial. At all events, that clause of the statute of 1824 which relates to persons defendant, not parties to the writing sued upon, would have required an affidavit from this executor, that the note was not executed by his testator, in order to have required proof from the plaintiff, before it was received in evidence upon the trial; nor would this requisition be' dispensed with by the law permitting executors, &c., to give,any special matters in evidence under the general issue. H. & H. 410, sec. 82.
Hence we think the circuit court did not err in refusing the instructions asked by the executor, and we affirm the judgment.
Mr. Justice Clayton deemed the plea and affidavit to be a sufficient denial of the instrument to put the party upon proof. *130 But the party, by permitting the note to be read to the jury without objection, waived the necessity of proof, according to the case of Carter v. Taylor, 6 S. & M. 367. I therefore concur in the result.